905 P.2d 89

**In re SRBA CASE NO. 39576.**

**TWIN FALLS CANAL COMPANY and North Side Canal Company, Petitioners–Respondents,**

v.

**The IDAHO DEPARTMENT OF WATER RESOURCES, Respondent–Appellant.**

**No. 22039.**

Supreme Court of Idaho, Boise, September 1995 Term.

Nov. 3, 1995.

Alan G. Lance, Attorney General; Clive J. Strong, Cheri C. Jacobus, and Matthew J. McKeown, Deputy Attorneys General, Boise, for appellant. Cheri C. Jacobus argued.

Rosholt, Robertson & Tucker, Twin Falls, for respondents. Gary D. Slette argued.

JOHNSON, Justice

This is a case concerning the Snake River Basin Adjudication (SRBA). We conclude that a declaratory judgment action against the Idaho department of water resources (IDWR) may not be brought in SRBA.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

In 1994, IDWR adopted administrative rules (the rules) concerning conjunctive management of ground water and surface water rights for the entire state. In 1995, Twin Falls Canal Company and North Side Canal Company (the canal companies) filed a petition against IDWR in SRBA seeking declaratory relief pursuant to I.C. § 67–5278 (1995) declaring the rules invalid. IDWR moved to dismiss the petition on the ground that the SRBA district court does not have subject matter jurisdiction to hear the petition for declaratory relief.

The SRBA district court denied IDWR's motion. This Court granted IDWR's request for a permissive appeal.

## II.

### THE CANAL COMPANIES MAY NOT SEEK DECLARATORY RELIEF IN SRBA AGAINST IDWR BECAUSE IDWR MAY NOT BE JOINED AS A PARTY TO SRBA.

In oral argument before this Court, IDWR asserted as an additional basis for dismissal of the canal companies' petition for declaratory relief that IDWR may not be joined as a party to SRBA. We agree.

The Idaho administrative procedure act provides that the validity or applicability of an administrative rule may be determined by an action for declaratory judgment. I.C. § 67–5278(1) (1995). In an action for declaratory judgment, the agency which promulgated the rule "shall be made a party to the action." I.C. § 67–5278(2) (1995). Although the director of IDWR filed the petition to commence SRBA and was a party until 1994, the legislature subsequently removed the director as a party. I.C. § 42–1401B(3) (1995) ("The director shall not be a party to an adjudication."). "Director" is defined to include IDWR. I.C. § 42–1401A(4) (1995).

Therefore, the canal companies may not pursue their action for declaratory judgment as part of SRBA. IDWR must be a party to the action, and IDWR is not and may not be a party to SRBA.

We note that at the time the SRBA district court considered IDWR's motion to dismiss, this ground was not available to IDWR because the SRBA district court had declared unconstitutional the statute we now find dispositive. Subsequently we determined that the statute is constitutional. *See Idaho Dept. of Water Resources v. United States*, 1995 WL 596859, (Idaho), —— Idaho ——, 912 P.2d 614, 95.18 ISCR 816 (Sept. 1, 1995).

Because of this disposition of the appeal, we do not reach the question of the SRBA district court's jurisdiction to entertain the canal companies' petition for declaratory relief.

## III.

### CONCLUSION

We reverse the SRBA district court's denial of IDWR's motion to dismiss.

We award IDWR costs on appeal. IDWR did not request attorney fees on appeal.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.